# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ETHEL J. SURRATT, )
)
      Plaintiff, )
)
v. ) No. 03 C 2228
) Paul E. Plunkett, Senior Judge
THE CHICAGO TRANSIT AUTHORITY, )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

On November 22, 2004, the Court dismissed Ethel Surratt's ("Plaintiff") claims against the Chicago Transit Authority ("Defendant"). The Court has now entered a final judgment in this case and Defendant seeks to recoup from Surratt, under Federal Rule of Civil Procedure ("Rule") 54(d), the costs it incurred to defend against her claims. For the following reasons, Defendant may recover statutory costs in the total amount of $3,508.55.

### Discussion

The costs recoverable under Rule 54(d) are circumscribed by statute and include:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;

(6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

We can award costs under Rule 54(d) if there is statutory authority for them and they are reasonable and were necessary to the litigation. The costs Defendant seeks to recover, for service of process, depositions and photocopies of summary judgment materials, are authorized by the statute and were necessary to the litigation. The only question, then, is whether they are reasonable. We will examine the reasonableness of each request for costs in turn.

Defendant requests $320.00 in fees for service of summons and subpoena. The Seventh Circuit has found that a prevailing party may not recover service costs that exceed the Marshal Service's fees, currently $40 per hour for the first two hours and $20 for each additional hour, plus $0.31 for each mile traveled. *Goldsmith v. Murphy*, No. 02-C5777, 2005 WL 442230, at *4 (N.D. Ill. 2005). The CTA has attached four invoices listing four individuals served with subpoenas by Honor-Guard Security & Investigations, Inc. The charge listed for each service was $80. However, the invoices do not indicate where each subpoena was served, the distance traveled to effect service, or how many hours were required. We thus have no meaningful way to determine whether the $80 fee was reasonable in each instance. *See Chemetall GMBH v. ZR Energy, Inc.*, No. 99-C4334, 2001 WL 1104604, at *23 (N.D. Ill. Sept. 18, 2001). We will therefore award the minimum amount charged by the Marshal Service, or $40 for each subpoena served, for a total of $160.00.

Next, the CTA seeks $6,141.85 for deposition costs. Local Rule 54.1(b) mandates that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time of the transcript or deposition was

filed unless some other rate was previously provided for by order of court." The current rate, in effect when the depositions in this case were taken, is $3.30 per page for an original transcript and $0.83 per page for a transcript copy. Plaintiff urges us to follow the lead of other courts who have interpreted the language of Rule 54.1(b) to mean that these rates encompass all costs associated with the taking of a deposition. As a result, she argues, incidental costs such as an appearance fee for a court reporter are not taxable where they exceed the regular copy rate. *Denson v. Northeast Illinois Reg'l Commuter R.R. Corp.*, No. 00-C2984, 2003 WL 21506946, at *2 (N.D. Ill. June 27, 2003). However, the Seventh Circuit has ruled that appearance fees may be taxable, and we choose to allow costs for this service. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir.1998).

On this basis, we will review Defendant's request for deposition-related costs. Defendant has submitted invoices for original transcripts taken by its court reporter, Accurate Reporting, Inc., for the depositions of Ethel Surratt, Henry Billups, Samuel Garner, Robert Porterfield, David Taylor, Carla Gomez and Deborah Lane. The charges reflected in the invoices, for transcript copies at $2.70 per page and reporter appearance fees, are all properly taxable. The one exception is a $10.00 charge for a condensed transcript of the Surratt deposition. Condensed transcripts, indexes and ASCII diskette copies of the transcripts are not taxable because they are considered to be prepared for the benefit of Defendant and are not necessary to the litigation. *See Chemetall GMBH*, 2001 WL 1104604, at *25. We will therefore award the requested amount minus this cost, for a total of $2301.40.

Defendant has also submitted invoices from Plaintiff's reporter, David Fishman, for the depositions of Irma Realiza, Richard Jania, Rogelio Riera, Onassis Lewis, Ismael Angulo, Mark Bonk and Lisa Klemm. Plaintiff argues that we should not award any costs for these depositions

because the invoices do not list the number of pages for each deposition. As partial copies of the depositions are entered into the record, we do not feel that this presents an insurmountable obstacle to determining a reasonable fee. However, we do find that the amount requested by Defendant for these transcript copies, $3,830.45, is unreasonable. First, it includes fees for delivery costs, which, under Judicial Conference guidelines, are considered ordinary business expenses and are not taxable. *Helzing v. Loyola Univ. of Chicago*, No. 02-C9408, 2004 WL 2608287, at *3 (N.D. Ill. Nov. 16, 2004). Second, it includes fees for indexes, which, as noted above, is not taxable. Third, the amount requested for each transcript copy far exceeds the $0.83 per page maximum established by Rule 54.1(b).

We have therefore recalculated the transcript costs and will award the following: (a) $173.47 for the Realiza deposition (209 pages x $0.83); (b) $105.41 for the Jania deposition (127 pages x $0.83); (c) $70.55 for the Riera deposition (85 pages x $0.83); (d) $62.25 for the Lewis deposition (75 pages x $0.83); (e) $78.02 for the Angulo deposition (94 pages x $0.83); (f) $172.64 for the Bonk deposition (208 pages x $0.83); and (g) $163.51 for the Klemm deposition (197 pages x $0.83), for a total of $825.85. We therefore award a total of $3,127.25 for deposition costs.

Finally, Defendant seeks $221.30 for copies of papers necessarily obtained for use in the case. This amount includes $70.10 for documents produced in discovery and $151.20 for three copies of its summary judgment pleadings. Plaintiff argues that Defendant is only entitled to costs for one copy of summary judgment pleadings. We disagree. Defendant may recover costs for copies of briefings filed with the court and one copy for opposing counsel. *See Rogers v. City of Chicago*, No. 02-C2227, 2002 WL 423723, at *5 (N.D. Ill. March 15, 2002). Defendant submitted two copies

to the Court and one to opposing counsel. It is therefore entitled to recover costs for three copies of the briefings. We therefore award Defendant $221.30 for copies.

## Conclusion

For the reasons stated above, the Court grants Defendant's bill of costs in the amount of $3,508.55.

**ENTER:**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

**DATED:** APR 1 8 2005